UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| ERICK HERNANDEZ, | ) | CASE NO. C08-0498-JLR |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| A. NEIL CLARK, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

I. <u>INTRODUCTION AND SUMMARY CONCLUSION</u>

Petitioner Erick Hernandez, proceeding pro se, has filed a Petition for Writ of Habeas Corpus and Petition for Declaratory Relief under 28 U.S.C. 2241, challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Dkt. 4). Petitioner requests that the Court order respondents to grant him release on conditions or bond. Respondents have filed a Return and Motion to Dismiss, arguing that petitioner's detention is mandated by Section 236(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(c), because he has been convicted of an aggravated felony. (Dkt. 11).

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition,

REPORT AND RECOMMENDATION
PAGE -1

01 Dkt. 4, be DENIED, and respondents' motion to dismiss, Dkt. 11, be GRANTED.

02 II. <u>BACKGROUND AND PROCEDURAL HISTORY</u>

03 Petitioner is a native and citizen of El Salvador who entered the United States at Los

04 Angeles, California, on January 28, 1989, when he was ten years old as a child of a permanent

05 United States resident. (Dkt. 10 at R5-9). On January 13, 2005, he pled guilty in the Superior

06 Court for the State of Alaska at Juneau to the offense of Sexual Abuse of a Minor in the Second

07 Degree in violation of Alaska Statute 11.41.436, and was sentenced to six years confinement and

08 five years probation. (Dkt. 10 at R16, R19-24).

09 On March 25, 2005, ICE issued a Notice to Appear, charging petitioner with removal from

10 the United States pursuant to Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act

11 ("INA"), for having been convicted of an aggravated felony as defined by INA § 101(a)(43)(A).

12 (Dkt. 10 at L149-51). On September 13, 2007, petitioner was released from the custody of the

13 State of Alaska Department of Corrections and was transferred directly into ICE custody in

14 Anchorage, Alaska. (Dkt. 10 at R93-94, R100). Petitioner was subsequently transferred from

15 Anchorage to the Northwest Detention Center in Tacoma, Washington. (Dkt. 10 at L79, L94).

16 On January 14, 2008, an Immigration Judge ("IJ") denied petitioner's applications for

17 asylum, withholding of removal, and deferral of removal under Article III of the Convention

18 Against Torture, and ordered him removed to El Salvador. (Dkt. 10 at L159). Petitioner

19 appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). However, the BIA

20 dismissed petitioner's appeal as untimely on March 11, 2008. (Dkt. 10 at L160). On March 17,

21 2008, petitioner filed a Petition for Review of the BIA's decision with the Ninth Circuit, along

22 with a stay of removal. *See Hernandez v. Mukasey*, No. 08-71098. Under Ninth Circuit General

01  Order 6.4(c)(1)(3), this caused a temporary stay of removal to automatically issue. Petitioner's

02  Petition for Review remains pending in the Ninth Circuit.

03        On March 23, 2008, petitioner filed the instant habeas petition, challenging his continued

04  detention. (Dkt. 4). Respondents have filed a motion to dismiss, Dkt. 11, and petitioner has filed

05  a response, Dkt. 12. The motion to dismiss is now ready for review.

06                          III.  DISCUSSION

07        Section 236 of the INA provides the framework for the arrest, detention, and release of

08  aliens in removal proceedings. Under BIA case law addressing general bond decisions, an alien

09  would not be detained unless he or she presented a threat to national security or a risk of flight.

10  *See Matter of Patel*, 15 I&N Dec. 666 (BIA 1976). Section 236(c)(1), however, requires the

11  Attorney General to take into custody any alien who has committed certain criminal offenses.

12  Section 236(c) provides:

13     (c) Detention of criminal aliens

14       (1) Custody

15       The Attorney General shall take into custody any alien who —

16       (A) is inadmissable by reason of having committed any offense covered in section 1182(a)(2) of this title,

17

18       (B) <u>is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title</u>,

19       (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence [sic] to a term of imprisonment of at least 1 year,

20       or

21       (D) is inadmissable under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title, when the alien is released . . .

22

REPORT AND RECOMMENDATION
PAGE -3

INA § 236(c)(1), 8 U.S.C. § 1226(c)(1) (emphasis added).  In this case, petitioner was ordered removed from the United States pursuant to INA § 237(a)(2)(A)(iii), for having been convicted of an aggravated felony.  Thus, petitioner falls within the group of aliens described in INA § 236(c)(1)(B), for whom detention is mandatory.

Petitioner argues that his detention violates his due process rights, and that he is entitled to release from detention because he is not a flight risk or danger to society.  Petitioner further argues that his detention is unlawful under *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001); *Tijani v. Willis*, 430 F.3d 1241 (9th Cir. 2005); and *Nadarajah v. Gonzales*, 443 F.3d 1069, 1075 (9th Cir. 2006), and that he must be released because there is no significant likelihood that he will be removed in the reasonably foreseeable future.

*Zadvydas* concerned the indefinite detention of aliens pursuant to the post-removal-order detention statute, INA § 241(a), following a final order of removal.  Section 241(a)(1)(A) states that "[e]xcept as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')."  INA § 241(a)(1)(A), 8 U.S.C. § 1231(a)(1)(A).  During the removal period, continued detention is required.  INA § 241(a)(2), 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien.").  Under Section 241(a)(6), the Attorney General may detain an alien beyond the 90-day removal period.  8 U.S.C. § 1231(a)(6).

In *Zadvydas*, the Supreme Court considered whether INA § 241(a)(6) authorizes the government "to detain a removable alien *indefinitely* beyond the removal period or only for a period *reasonably necessary* to secure the alien's removal."  *Zadvydas,* 533 U.S. at 682.  The

petitioners in *Zadvydas* could not be removed because no country would accept them. Thus, removal was "no longer practically attainable," and the period of detention at issue was "indefinite" and "potentially permanent." *Id.* at 690-91. The Supreme Court held that INA § 241(a)(6), which permits detention of removable aliens beyond the 90-day removal period, does not permit "indefinite detention." *Id.* at 689-697. The Court explained that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

The Supreme Court further held that detention remains presumptively valid for a period of six months. *Id.* at 701. After this six-month period, an alien is eligible for conditional release upon demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. The burden then shifts to the Government to respond with sufficient evidence to rebut that showing. *Id.* at 701. The six-month presumption "does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701.

As noted, *Zadvydas* addressed the length of time beyond the removal period that an alien may be held in detention. Here, however, petitioner is being detained pursuant to INA § 236(c). *See* INA § 241(a)(1)(B) ("The removal period begins on the latest of the following: . . . (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order."). Accordingly, petitioner does not face indefinite detention, and the holding of *Zadvydas*, with respect to the length of time an alien may be held in detention, does not apply to petitioner's case at this time. *See Demore v. Kim*, 538 U.S. 510, 512, 123 S. Ct. 1708, 155 L. Ed. 2d 724 (2003).

01      In *Kim*, a lawful permanent resident of the United States argued that his detention under INA § 236(c) violated the Due Process Clause of the Fifth Amendment because the Government had made no determination that he posed either a flight risk or a danger to society. *Id.* at 514. The Supreme Court held that mandatory detention pursuant to § 236(c) was constitutional for the brief period necessary for removal proceedings. *Kim*, 538 U.S. at 512. The Supreme Court found that "[s]uch detention necessarily serves the purpose of preventing deportable criminal aliens from fleeing prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed." *Id.* at 528.

    Kim also argued unpersuasively that his detention under INA § 236(c) violated due process under *Zadvydas*. The Supreme Court distinguished *Zadvydas*, pointing out that "*Zadvydas* is materially different from the present case in two respects. First, in *Zadvydas*, the aliens challenging their detention following final orders of deportation were ones for whom removal was 'no longer practically attainable.'" *Id.* at 527. Second, "[w]hile the period of detention at issue in *Zadvydas* was 'indefinite' and 'potentially permanent,' . . . the detention here is of a much shorter duration." *Id.* at 528. "*Zadvydas* distinguished the statutory provision it was there considering from § 1226 on these very grounds, noting that 'post-removal-period detention, *unlike detention pending a determination of removability* . . ., has no obvious termination point." *Id.* at 529 (quoting *Zadvydas*, 533 U.S. at 697). The Supreme Court concluded that *Zadvydas* was not controlling and that a brief detention under INA § 236(c) to complete removal proceedings does not violate due process. *Kim*, 538 U.S. at 531.

    The reasons for petitioner's detention in this case also differ significantly from those in *Tijani*. In *Tijani*, the petitioner, detained pursuant to INA § 236(c), sought by habeas proceedings

01 to compel a bond hearing. *Tijani*, 430 F.3d at 1242. At the time of the Ninth Circuit's decision,

02 Tijani had been detained for two years and eight months pending removal proceedings. *Tijani*,

03 430 F.3d at 1246 (Tashima, J., concurring) (noting that Tijani's detention during his administrative

04 proceedings lasted twenty months, with one year of continued detention during judicial appeal).

05 In a brief (three paragraph) opinion, the Ninth Circuit stated that "it is constitutionally

06 doubtful that Congress may authorize imprisonment of this duration for lawfully admitted resident

07 aliens who are subject to removal." *Tijani*, 430 F.3d at 1242. Nevertheless, to avoid deciding the

08 constitutional issue, the court construed § 236(c) as applying only in "expedited" removal

09 proceedings. *Id.* The Ninth Circuit concluded that "[t]wo years and eight months of process is

10 not expeditious," and ordered an Immigration Judge to release the petitioner "unless the

11 government establishes that he is a flight risk or will be a danger to the community." *Id.* In a

12 concurring opinion, Judge Tashima concluded that Tijani was entitled to be released from

13 detention pending the completion of his removal proceedings because the sheer length of his

14 detention had become unreasonable. *See id.* at 1249-50 (Tashima, J., concurring) (citing

15 *Zadvydas*, 533 U.S. at 690; *Demore v. Kim*, 538 U.S. 510, 527, 123 S. Ct. 1708, 155 L. Ed. 2d

16 724 (2003).

17 Here, however, unlike Tijani whose twenty month administrative process was clearly

18 unreasonable, petitioner's administrative proceedings lasted just six months, including his appeal

19 to the BIA. Six months is well within administrative norms. *See Demore v. Kim*, 538 U.S. at 529

20 (noting that in cases in which aliens are detained pursuant to INA § 236(c) "removal proceedings

21 are completed in an average time of 47 days" and when those decisions are appealed to the BIA,

22 "appeal takes an average of four months"). Likewise, petitioner's Petition for Review has been

REPORT AND RECOMMENDATION
PAGE -7

pending just three months, well within normal judicial appeal time.

Petitioner also contends that he is entitled to be released under *Nadarajah*, 443 F.3d at 1079-80, because there is no significant likelihood of removal in the reasonably foreseeable future. (Dkt. #1 at 2). In *Nadarajah*, the petitioner, detained pursuant to the "general immigration statutes," INA § 235(b)(1)(B)(ii)[1] and 235(b)(2)(A)[2], challenged the agency's denial of parole. *Id.* at 1075-76. The Immigration Judge had already granted the petitioner deferral of removal under the CAT (which was unchallenged), and asylum (which had been affirmed by the BIA). Despite having prevailed on his application for relief at every administrative level, Nadarajah had been detained for five years pending a determination of removability. Relying on the Supreme Court's analysis in *Zadvydas*, the Ninth Circuit held that "the general immigration detention statutes do not authorize the Attorney General to incarcerate detainees for an indefinite period." *Id.* at 1078 (*citing Zadvydas*, 533 U.S. at 678). The Ninth Circuit concluded that there was no likelihood of removal in the reasonably foreseeable future in light of the fact that the petitioner had been awarded asylum twice and protection under the CAT. *Id.* at 1080-81.

In *Nadarajah*, however, there was a strong indication that removal was not practically attainable because Nadarajah had been granted deferral of removal under the CAT (which was unchallenged) and asylum (which had been affirmed by the BIA). Thus, there was no evidence

---

[1] "If the [asylum] officer determines at the time of the interview [upon arrival in the United States] that an alien has a credible fear of persecution . . ., the alien shall be detained for further consideration of the application for asylum." 8 U.S.C. § 1225(b)(1)(B)(ii).

[2] "[I]n the case of an alien who is an application for admission, if the examining officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under 8 U.S.C. § 1229a." 8 U.S.C. § 1225(b)(2)(A).

that he would be removed in the reasonably foreseeable future. Here, by contrast, petitioner was found removable by an Immigration Judge, and his appeal was denied by the BIA. Moreover, unlike *Nadarajah*, the length of petitioner's detention is not due to any delay by the Attorney General. Once the Ninth Circuit decides his case, petitioner will either be released or removed to El Salvador. In light of these facts, petitioner has not demonstrated that there is no significant likelihood of removal in the reasonably foreseeable future. Accordingly, the habeas petition should be denied as petitioner's detention is lawful and authorized by statute.

## IV. CONCLUSION

For the foregoing reasons, I recommend that this action be dismissed with prejudice. A proposed Order accompanies this Report and Recommendation.

DATED this 24th day of June, 2008.

Mary Alice Theiler
United States Magistrate Judge