UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERICK HERNANDEZ, | CASE NO. C08-0498-JLR |
| Petitioner, | |
| v. | SUPPLEMENTAL REPORT AND RECOMMENDATION |
| A. NEIL CLARK, et al., | |
| Respondents. | |

## I. INTRODUCTION AND SUMMARY CONCLUSION

On March 28, 2008, petitioner Erick Hernandez, proceeding pro se, filed a "Petition for Writ of Habeas Corpus and Petition for Declaratory Relief under 28 U.S.C. 2241," challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Dkt. 4). Petitioner requested that he be released pending adjudication of his Petition for Review in the Ninth Circuit Court of Appeals, arguing that his mandatory detention under Section 236(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(c), was indefinite under *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001). Respondents moved to dismiss, arguing that petitioner's detention was mandated by INA § 236(c), because he had been convicted of an

SUPPLEMENTAL REPORT
AND RECOMMENDATION
PAGE -1

aggravated felony. (Dkt. 11).

On June 25, 2008, the undersigned Magistrate Judge issued a Report and Recommendation ("R&R") which recommended that petitioner's habeas petition be denied, finding that petitioner's detention under INA § 236(c) was lawful and authorized by statute. (Dkt. 13). On July 21, 2008, the Honorable James L. Robart, United States District Judge, adopted the R&R and dismissed the habeas petition. (Dkt. 14).

On August 7, 2008, however, petitioner filed an untimely motion for reconsideration, arguing that he is entitled to relief under two recently published decisions issued by the Ninth Circuit Court of Appeals on July 25, 2008, *Casas-Castrillon v. D.S.H.*, 535 F.3d 942 (9th Cir. 2008) and *Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008). (Dkt. 16). Judge Robart initially denied the motion for reconsideration as untimely, Dkt. 17, but reversed his decision after consideration of petitioner's Renewed Motion for Reconsideration, Dkt. 18, which explained that petitioner was unable to timely file a motion for reconsideration due in part to a chicken pox outbreak at the Northwest Detention Center where he resides. Judge Robart referred the matter to the undersigned Magistrate Judge for an R&R addressing the application of *Casas-Castrillon* and *Prieto-Romero* to petitioner's petition for writ of habeas corpus. (Dkt. 22).

Following a careful review of the record, I recommend that petitioner's renewed motion for reconsideration, Dkt. 18, be DENIED.

## II. BACKGROUND AND PROCEDURAL HISTORY

The factual and procedural background of this case is related in the Court's previously-issued R&R. (Dkt. 13). Accordingly, the Court will not repeat it here. However, a brief summary of the history of this case following the issuance of that R&R follows.

At the time the R&R was issued on June 25, 2008, petitioner's Petition for Review of the BIA's final order of removal was pending in the Ninth Circuit, and a temporary stay of removal was in effect. *See Hernandez v. Mukasey*, No. 08-71098 (9th Cir. Oct. 15, 2008). On August 13, 2008, however, the Ninth Circuit issued an Order denying petitioner's motion for stay of removal pending review and denying his motion to proceed in forma pauperis. *Id.* The Order directed petitioner to pay the filing fee, warning that failure to pay the fee would result in the automatic dismissal of the petition for failure to prosecute. *Id.* (Dkt. 30 at R261-62). On October 15, 2008, the Ninth Circuit dismissed the petition for failure to prosecute, and the mandate issued on November 5, 2008. *Id.* (Dkt. 30 at R272-73).

On March 20, 2008, petitioner filed a motion to reopen his case before the Immigration Judge ("IJ"). (Dkt. 30 at L221-236). The IJ denied the motion to reopen on April 2, 2008, and the Board of Immigration Appeals ("BIA") affirmed the IJ's decision on July 2, 2008. (Dkt. 30 at L183, L289-90). Petitioner filed a Petition for Review of the BIA's decision denying his motion to reopen in the Ninth Circuit, along with a motion for stay of removal. *See Hernandez v. Mukasey*, No. 08-73360 (9th Cir. filed August 4, 2008). Pursuant to Ninth Circuit General Order 6.4(c)(1)(3), this caused a temporary stay to automatically issue. Petitioner's petition for review of the BIA's decision denying his motion to reopen remains pending. *See id.*

On or about June 11, 2008, ICE conducted a File Custody Review of petitioner's case. (Dkt. 30 at R201-208). On June 13, 2008, ICE Field Office Director A. Neil Clark issued a decision to continue detention, finding that petitioner "could be a flight risk and could be a threat to the community." (Dkt. 30 at R210-11).

At the request of petitioner, a bond hearing was held on October 2, 2008, before an

SUPPLEMENTAL REPORT
AND RECOMMENDATION
PAGE -3

Immigration Judge who declined to set bond. (Dkt. 30 at L315). Petitioner has appealed the IJ's bond decision to the BIA, which remains pending. (Dkt. 30 at L318-20).

## III. DISCUSSION

Section 236 of the INA provides the framework for the arrest, detention, and release of aliens in removal proceedings. That provision provides the Attorney General with discretionary authority to release an alien on bond or conditional parole pending the completion of removal proceedings, unless the alien falls within one of the categories of criminal aliens described in Section 236(c), for whom detention is mandatory. *See* INA § 236(c), 8 U.S.C. § 1226(c) ("The Attorney General shall take into custody any alien who" is deportable for having committed certain enumerated crimes).

Once removal proceedings have been completed, the detention and release of aliens shifts to INA § 241, 8 U.S.C. § 1231. Section 241(a)(1)(A) of the INA states that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." INA § 241(a)(1)(A), 8 U.S.C. § 1231(a)(1)(A). During the removal period, continued detention is required. INA § 241(a)(2), 8 U.S.C. § 1231(a)(2). Section 241(a)(6) provides the Attorney General with discretionary authority to detain certain aliens beyond the removal period, or to release them under an order of supervision. INA § 241(a)(6), 8 U.S.C. § 1231(a)(6).*See Zadvydas*, 533 U.S. at 701 (adopting a presumptively reasonable period of detention under INA §241(a)(6) of six months).

The determination of when an alien becomes subject to detention under Section 241 rather than Section 236 is governed by Section 241(a)(1), which provides:

The removal period begins on the *latest* of the following:

SUPPLEMENTAL REPORT
AND RECOMMENDATION
PAGE -4

(i) The date the order of removal becomes administratively final.

(ii) <u>If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order</u>.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B)(emphasis added).

Respondents argue that the statutory basis for petitioner's detention shifted from INA § 236(a) to INA § 241(a)(2) upon the Ninth Circuit's dismissal of his petition for review. Respondents contend that petitioner's detention is now mandatory for a ninety-day period beginning November 5, 2008. (Dkt. 28 at 4). Petitioner argues that he is detained under INA § 236(a) pursuant to *Casas-Castrillon*, 535 F.3d at 942, and *Prieto-Romero*, 534 F.3d at 1053, and that he is entitled to a bond hearing. (Dkt. 18 at 4-6). The Court agrees with respondents that petitioner is now subject to statutory mandatory detention under INA § 241(a)(2).

As respondents argue, petitioner's removal period began on November 5, 2008, pursuant to INA § 241(a)(1)(B)(ii) when the Ninth Circuit dismissed his petition for review of the BIA's final order of removal. Although petitioner filed another petition for review in the Ninth Circuit, resulting in a stay of removal which remains pending, that appeal does not "entail judicial review of a *removal order*, as the plain text of the statute requires." *Diouf v. Mukasey*, 542 F.3d 1222, 1230 (9th Cir. September 18, 2008). Rather, petitioner's appeal challenges the BIA's denial of his motion to reopen, not his removal order. Accordingly, petitioner's detention is now governed by INA § 241(a)(2).

The Ninth Circuit's recent decision in *Diouf* supports this conclusion. In *Diouf*, the Ninth Circuit reversed a decision by the district court which had granted habeas relief to a petitioner who

SUPPLEMENTAL REPORT
AND RECOMMENDATION
PAGE -5

had been detained for twenty-three months pending judicial review of the BIA's denial of his motion to reopen removal proceedings. *Diouf*, 542 F.3d at 1222. The Ninth Circuit concluded that the district court had erred because its decision was based on the erroneous conclusion that Diouf's detention was governed by INA § 236 rather than INA § 241. *Id.* The court held that "a stay entered while a court reviews an alien's . . . *petition for review of the BIA's denial of a motion to reopen* – does not prevent the removal period from beginning. *Id.* at 1230.

The court referred to its recent decisions in *Prieto-Romero* and *Casas-Castrillon* as support for its decision, noting that in those cases

> we made clear that the statutory basis for the petitioner's detention would have been different if the pending petition for review had not challenged an administratively final order of removal, explaining that the "beginning of the removal period is not delayed by *every* judicially entered stay," and that the "entry of a stay of removal for any . . . reason [other than review of a removal order] – for example, a stay entered while a court reviews an alien's § 2241 habeas petition or petition for review of the BIA's denial of a motion to reopen – does not prevent the removal period from beginning.

*Id.* (citations omitted).

Petitioner's assertion that he is detained under INA § 236(a) relies on the fact that the Ninth Circuit had issued a stay of removal during his then pending petition for review which had challenged the BIA's final order of removal. As indicated above, however, the Ninth Circuit dismissed that petition on October 15, 2008, and the mandate issued on November 5, 2008, thereby commencing the removal period. Petitioner's ninety-day removal period will expire on or about February 5, 2009, and the six month presumptively reasonable period will expire on or about May 5, 2009. Accordingly, petitioner's detention is mandated by INA § 241(a)(2), and the Court must deny habeas relief.

///

## IV. CONCLUSION

For the foregoing reasons, I recommend that this action be dismissed with prejudice. A proposed Order accompanies this Report and Recommendation.

DATED this 20th day of November, 2008.

Mary Alice Theiler
United States Magistrate Judge

SUPPLEMENTAL REPORT
AND RECOMMENDATION
PAGE -7